# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOSE HERNANDEZ-CARBAJAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:00CR297-1 |
| ) | 1:17CV1057 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On March 21, 2001, this Court (per now-retired United States District Judge Frank W. Bullock, Jr.) entered a Judgment against Petitioner imposing, <u>inter alia</u>, a prison term of 78 months, as a result of his guilty plea to unlawful presence in the United States after deportation in violation of 8 U.S.C. § 1326(a) (subject to enhanced punishment, under 18 U.S.C. § 1326(b)(2), because of his prior conviction for an aggravated felony) and distribution of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). (Docket Entry 13; <u>see also</u> Docket Entry 8 (Plea Agt.); Docket Entry 17 (Plea Hrg. Tr.); Docket Entry 18 (Sent'g Hrg. Tr.); Docket Entry 32 (Presentence Report ("PSR")).)[1] Petitioner appealed, but (on November 20, 2001) the United States Court of Appeals for the Fourth Circuit affirmed. <u>United States v. Hernandez-Carbajal</u>, 22 F. App'x 179 (4th Cir. 2001). Petitioner

---

[1] Parenthetical citations refer to Petitioner's above-captioned federal criminal case. In quoting Petitioner's filings, this Order and Recommendation employs standard capitalization conventions for ease of reading.

did not seek certiorari review by the United States Supreme Court. (See Docket Entry 48, ¶ 9(g).)

On May 19, 2016, the Clerk docketed a filing entitled "Pro Se Motion for Leave for Free Transcripts Needed to File a Petitioner [sic] Motion to Vacate pursuant to 28 U.S.C. § 2255" ("Transcript Motion"), which Petitioner dated as signed on May 14, 2016. (Docket Entry 30 at 1; see also Docket Entries 31 and 31-1 (related memorandum and attachments).)  The Court denied the Transcript Motion's request for free copies of court records and, to the extent it attempted to assert collateral challenges to Petitioner's Judgment,[2] dismissed that attempt without prejudice to the filing of a proper motion under Section 2255 (on forms provided to him). (See Docket Entry 35 (adopting Docket Entry 33).)

---

[2] The Transcript Motion baldly asserted that "Petitioner's sentence is the result of ineffective assistance of counsel. In addition, there are references of a concurrency [sic] terms of sentence in the record and sentencing guidelines wrongly applied." (Docket Entry 30 at 1; see also id. (soliciting free copies of court records "because Illegal Reentry is not a crime of violence in light of Supreme Court's decision in Johnson"); Docket Entry 31 at 3 ("I would like to submit . . . that my counsel was ineffective, that the sentence was to be concurrent, [and] that the sentencing guidelines were wrongly calculated and/or ignored as to the characteristics of the offense and the offender. Specifically, . . . 'Illegal Reentry' is not a crime of violence as the statute lack [sic] such specific language in light of the most recent decesion [sic] of the Supreme Court in Johnson . . . ." (stray brackets omitted)); Docket Entry 31-1 at 9 ("Petitioner intents [sic] to submit teh [sic] following grounds for relief: (1) Ineffective Assistance of Counsel, (2) Concurrency [sic] Terms of sentence, (3) Sentencing Guidelines, and (4) that Illegal Reentry is not a violent crime in light of Johnson.").)

2

On October 10, 2017, the Clerk docketed an undated filing from Petitioner entitled "Motion for Leave to Preceed [sic] in forma Pro-se in Light to Seek a Sentence Reduction" ("Sentence Reduction Motion"). (Docket Entry 37 at 1; see also Docket Entry 37-1 at 1 (reflecting post-mark dated October 6, 2017, on envelope that conveyed Sentence Reduction Motion).) The Sentence Reduction Motion asked the "Court to grant [Petitioner] authorization to proceed with [his] case #, 1:00-CR-297-1, due to the facts [sic] that [he] ha[d] wasted time because of [his] change of address, and the lack of legal help in []his new facility." (Docket Entry 37 at 1 (emphasis omitted); see also id. ("I am begging to [the Court] and to the Government of the United States for another opportunity to grant me a Motion for Leave to File a Pro Se Motion in order to find a remedy for my sentence reduction.").) The Court treated the Sentence Reduction Motion as a procedurally improper motion under Section 2255 and dismissed it without prejudice to Petitioner filing a proper motion under Section 2255 (on forms again provided to him). (See Docket Entry 40 (adopting Docket Entry 38).)

On November 9, 2017, Petitioner signed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion"), declaring (under penalty of perjury) that he "placed [it] in the prison mailing system" on November 14, 2017. (Docket Entry 41, Decl. ¶.) As its lone ground for relief, the Section 2255 Motion challenged Petitioner's "sentence[,] not the conviction[,]

3

due to [a] sentence enhancement under Booker and its progeny which applies to the immigration enhancement." (Id., ¶ 12.)[3] In the paragraph that required him to "explain why the one-year statute of limitations as contained in [Section] 2255 d[id] not bar [his Section 2255 M]otion," Petitioner stated: "Because I was in transfer from one prison to another . . . . [A]lso, because my lack of understanding in law and English language. It make [sic] it hard to me to find somebody to help me out with this issue, specially [sic] that I've a very poor financial circumstance at this time." (Id., ¶ 18.)

The undersigned Magistrate Judge recommended summary denial of the Section 2255 Motion because "the Fourth Circuit held long ago that [United States v. ]Booker[, 543 U.S. 220 (2005),] is not retroactively applicable on collateral review for prisoners, like Petitioner, whose convictions became final before the decision in Booker." (Docket Entry 42 at 1 (citing United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005)).) Petitioner objected thereto (Docket Entry 44) and filed a "Motion for Leave to File Supplemental Arguments in Pending Motion under §2255 pursuant to Civil Rule 15" ("Supplemental Arguments Motion") (Docket Entry

---

[3] "In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court invalidated statutory provisions that made the Guidelines [m]andatory, and held that courts must treat the Guidelines as advisory." United States v. Muldrow, 844 F.3d 434, 438 n.2 (4th Cir. 2016) (internal parallel citation omitted).

4

45).[4]  The undersigned Magistrate Judge then withdrew the recommendation of summary denial of the Section 2255 Motion and directed "Petitioner to properly complete [a new] form [motion under Section 2255] setting out ALL of the Grounds for Relief he wishe[d] to pursue . . . ."  (Text Order dated Dec. 13, 2017.)

On December 25, 2017, Petitioner signed an amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Amended Section 2255 Motion"), declaring (under penalty of perjury) that he "placed [it] in the prison mailing system" that same day.  (Docket Entry 48, Decl. ¶.)  The Amended Section 2255 Motion replaces the single (Booker-related) ground for relief in the Section 2255 Motion with four claims of ineffective assistance of counsel.  (See id., ¶ 12; see also id., ¶ 18 ("This [Amended Section] 2255 [Motion] is timely based on the ineffective assistance of counsel and abandoned [sic] by my counsel.").)  The United States has moved for dismissal (Docket Entry 52) and Petitioner has responded (Docket Entry 54).  He also has filed a "Motion for Due Process" asking the "Court to take judicial actions on his [Amended Section] 2255 [Motion], and that, an evidentiary hearing be issue [sic] to develop the relevant facts presented therein."  (Docket Entry 55 at 2.)

---

[4] Petitioner did not date the Supplemental Arguments Motion. (See Docket Entry 45 at 1-2.)  The Clerk docketed it on December 8, 2017.  (Id. at 1.)  The envelope that conveyed it bears a post-mark dated December 4, 2017.  (See Docket Entry 45-1 at 1.)

5

The Amended Section 2255 Motion asserts these four grounds for relief:

1) "Petitioner's counsel was ineffective for failing to file a Notice of Appeal" (Docket Entry 48, ¶ 12(Ground One));

2) "Petitioner's counsel was ineffective for failing to object to the PSR on the basis that under [U.S.S.G. §] 2L1.2(b)(1), Petitioner should had [sic] received a 12 level enhancement, rather than the 16 leve [sic] enhancement, becuase [sic] no criminal history points were added under chapter four for the conviction which triggered enhancement" (id., ¶ 12(Ground Two));

3) "Petitioner's counsel was ineffective for misadvising Petitioner that if he pleaded guilty at arraignment, [he] would receive the benefit of the 'Fast Track Program'" (id., ¶ 12(Ground Three)); and

4) "Petitioner's counsel was ineffective for failing to challenge Petitioner's sentence based on the unwarranted disparities between other defendants of similar records found guilty of similar offenses" (id., ¶ 12(Ground Four)).

The United States has "move[d] the Court to dismiss [the Amended Section 2255 Motion] based on the statute of limitations in 28 U.S.C. § 2255(f)." (Docket Entry 52 at 1.) That provision states that "[a] 1-year period of limitation shall apply to a motion under [] [S]ection [2255]." 28 U.S.C. § 2255(f). Further:

6

>[t]he limitation period shall run from the latest of--
>
>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under Paragraph (1) of Subsection 2255(f), Petitioner's one-year limitation period for seeking relief under Section 2255 commenced no later than on or about February 18, 2002, i.e., his deadline for seeking certiorari review in the Supreme Court, which fell 90 days after the Fourth Circuit affirmed his Judgment on November 20, 2001 (as documented above). See Clay v. United States, 537 U.S. 522, 532 (2003); U.S. Sup. Ct. R. 13(1) & (3). The one-year limitation period then expired on or about February 18, 2003, nearly 15 years before Petitioner submitted his Amended Section 2255 Motion on December 25, 2017, and more than 13 years before Petitioner signed his Transcript Motion (in which he first mentioned any intent to collaterally attack his Judgment) on May 14, 2016 (all, again, as documented above).

7

Moreover, Petitioner has not shown that the delayed commencement provisions of Paragraphs (2)-(4) of Subsection 2255(f) apply or that equitable tolling grounds exist. In that regard, the Amended Section 2255 Motion argues only that the Court should treat Petitioner's claims as "timely based on the ineffective assistance of counsel and abandoned [sic] by [his] counsel." (Docket Entry 48, ¶ 18.) Such conclusory allegations do not implicate any of the statutory tolling terms in Paragraphs (2)-(4) of Subsection 2255(f), as even a cursory reading of their plain language confirms. Similarly, "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011); accord Mahoney v. Daniels, No. 5:13HC2188, 2014 WL 4162406, at *4 n.3 (E.D.N.C. Aug. 20, 2014) (unpublished), appeal dismissed, 585 F. App'x 288 (4th Cir. 2014); Smith v. Virginia, No. 3:12CV148, 2013 WL 871519, at *4 (E.D. Va. Mar. 8, 2013) (unpublished), appeal dismissed, 586 F. App'x 622 (4th Cir. 2013); see also Holland v. Florida, 560 U.S. 631, 649 (2010) (explaining that, to secure equitable tolling, a petitioner must demonstrate that he "pursu[ed] his rights diligently," but "some extraordinary circumstance . . . prevented a timely filing" (internal quotation marks omitted)).[5]

---

[5] Nor, in opposing the Motion to Dismiss by the United States, did Petitioner provide sufficient details (let alone evidence) to show attorney misconduct warranting equitable tolling (particularly not for over 13 years). To the contrary, Petitioner's responsive
(continued...)

8

As a final matter, according to Petitioner's opposition to the Motion to Dismiss by the United States, "after [his federal] sentence was imposed, . . . he was transferred to state custody. Moreover, his transfer to State custody had [sic] made it more difficult for him to file a timely § 2255 motion, which satisfies

---

[5](...continued)
filing simply states (in unsworn fashion) that "counsel failed to communicate with Petitioner, despite various pleas from Petitioner that his attorney respond to his letter, but [sic] it never happened." (Docket Entry 54 at 2.) In other words:

> Petitioner alleges generally that his counsel ignored him, without any declarations [supporting that allegation], copies of the letters [he] indicates that he wrote to his counsel, or the dates on which Petitioner attempted to contact counsel. Nor does Petitioner claim that he relied on any promises made by counsel that a motion was being filed on his behalf, or allege any other specific conduct indicating counsel's actions prevented Petitioner from filing his motion on time.

Evans v. United States, Crim. No. 11-34, Civ. No. 13-1392, 2015 WL 3744272, at *4 (D. Md. June 12, 2015) (unpublished) (internal citations omitted). Under these circumstances, the Court should conclude that "[p]rinciples of equity do not mandate tolling in this case . . . ." Id. In addition, the record refutes the bald assertion that Petitioner's counsel abandoned him. For example, although (at two points) the Amended Section 2255 Motion states that Petitioner's "lawyer failed to appeal [his] conviction" (Docket Entry 48, ¶¶ 11(d), 12(Ground One)(b)(2)), elsewhere it concedes that his counsel "did appeal from [his J]udgment" (id., ¶ 8; see also id., ¶ 9 (reporting "affirmed" as "Result" of appeal to "Fourth Circuit")), a fact irrefutably established by other aspects of the record, see Hernandez-Carbajal, 22 F. App'x at 179. Lastly, because Petitioner "did not have a constitutional right to assistance of counsel in any post-conviction collateral proceeding, . . . [any] contention that his attorney erred in failing to advise him of the availability of [such] post-[conviction] collateral proceedings, and of the statute of limitations for federal habeas proceedings, does not show that he is entitled to equitable tolling." Hood v. Director, TDCJ-CID, No. 6:06CV374, 2007 WL 951634, at *2 (E.D. Tex. Mar. 26, 2007) (unpublished).

9

the required showing of 'extraordinary circumstances.'" (Docket Entry 54 at 2; see also id. (implying, through use of case citations and related parentheticals, that status as "non-English speaking petitioner" and lack of "legal assistance" also constitute grounds for equitable tolling).)[6]

Those vague arguments do not warrant equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Aviles-Negron v. Massey, No. 1:11CV904, 2013 WL 1314602, at *3-4 (M.D.N.C. Mar. 28, 2013) (unpublished) ("Consistent with the holdings of two federal appellate courts (as well as unpublished decisions by two more) and rulings consistently rendered in this Court and other district courts of the Fourth Circuit, the Court concludes that language-related difficulties fail to provide a basis for equitable tolling. Alternatively, the Court holds that, even if . . . lack of fluency in English might support equitable tolling in some cases, [the p]etitioner has made an insufficient showing to warrant

---

[6] Those arguments echo aspects of Petitioner's filings preceding his Amended Section 2255 Motion. (See Docket Entry 37 at 1 (seeking "authorization to proceed . . . due to the facts [sic] that [he] ha[d] wasted time because of [his] change of address, and the lack of legal help in []his new facility" (emphasis omitted)); Docket Entry 41, ¶ 18 (citing "transfer from one prison to another," "lack of understanding in law and English language," and difficulty "find[ing] somebody to help . . . with this issue, specially [sic] [given his] very poor financial circumstance" as justifications for untimely filing of Section 2255 Motion).)

10

such relief in this case. . . . For example, [he] has failed to detail his efforts to obtain language assistance before the expiration of his one-year federal filing period."); Allen v. Johnson, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (observing that "transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances" warranting equitable tolling), appeal dismissed, 396 F. App'x 46 (4th Cir. 2010); see also Martinez-Fuentez v. United States, No. 1:10CV357, 2013 WL 4778508, at *2 n.4 (E.D. Tex. Sept. 4, 2013) (unpublished) ("[G]eneralized statements of alleged limited access to legal materials at the prison facility are insufficient to raise an issue of a government-created impediment [under Paragraph (2) of Subsection 2255(f)].").

In sum, Petitioner's Amended Section 2255 Motion fails as a matter of law due to its untimeliness.

**IT IS THEREFORE RECOMMENDED** that the United States's Motion to Dismiss (Docket Entry 52) be granted and that Petitioner's Amended Section 2255 Motion (Docket Entry 48) be dismissed without issuance of a certificate of appealability.

**IT IS ORDERED** that Petitioner's Motion for Due Process (Docket Entry 55) is **DENIED AS MOOT.**

> /s/ L. Patrick Auld
> **L. Patrick Auld**
> **United States Magistrate Judge**

November 8, 2018